**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **HAROLD BERRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Cause No.:** |
| ) | |
| **vs.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SAINT CHARLES COMMUNITY** ) | |
| **COLLEGE,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S COMPLAINT**
**FOR VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

COMES NOW, Plaintiff Harold Berry, by and through his attorneys, and for his

Complaint for Violations of the Age Discrimination in Employment Act of 1967 against

Defendant Saint Charles Community College, states:

**NATURE OF THE ACTION**

1. This Complaint is authorized and instituted under the Age Discrimination in

Employment Act of 1967.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the claims brought under federal law pursuant to

28 U.S.C. §§ 1331 and 1343.

3. This Court also has jurisdiction over Plaintiff' claims for declaratory and

injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

1

4.      Venue over Plaintiff' claims is proper in the Eastern District of Missouri because Defendant resides in the Eastern District of Missouri within the meaning of 28 U.S.C. § 1391 and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

## THE PARTIES

5.      Plaintiff, Harold Berry is an individual who is and was at all times herein after mentioned, a resident of the State of California.

6.      Defendant Saint Charles Community College (hereinafter "SCC") is a community college located in St. Charles County, Missouri, organized and existing under the laws of the State of Missouri.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff began working at Saint Charles County Community College in 1987, which later became Saint Charles Community College.

8.      Plaintiff held multiple positions at the College including professor of History and Theater.

9.      Plaintiff wrote the initial curriculum for History, Political Science, Geography, Theater and Speech.

10.     Plaintiff has a Master's Degree in History, a Master's Degree in Mass Communications and a Master's Degree Theater.

11.     Plaintiff was Department Chair of the History, Political Science and Geography Department.

12.     Plaintiff directed plays for the Theater Department.

2

13.    Plaintiff retired as a full Professor in July of 2013 and became a Professor Emeritus.

14.    Plaintiff continued to teach at the college.

15.    In the Fall of 2013, Plaintiff taught three classes.

16.    Plaintiff continued to teach two sections of History of Film in the fall semester, two sections in the spring semester and one section in the summer semester.

17.    Plaintiff continued to teach these History of Film classes through the Spring semester of 2024.

18.    The classes were popular with students, sections were never cancelled and Plaintiff always received positive reviews.

19.    The Dean of Humanities sent Plaintiff an email indicating they were cancelling the History of Film class for the summer of 2024.

20.    The Dean of Humanities did not give Plaintiff a reason for cancelling the class.

21.    The College continues to offer the History of Film class the Dean had told Plaintiff it was cancelling.

22.    The College did not allow Plaintiff to teach the History of Fill class during the Summer and Fall semesters of 2024 and the Spring semester of 2025.

23.    Plaintiff was 82 years old when the College refused to allow him to teach the History of Film course.

24.    The College assigned a younger person to teach the History of Film course.

25.    The college discriminated against Plaintiff because of his age.

26.    The college has a history of discriminating against older workers because of their age.

27.     The college has engaged in a pattern and practice of discriminating against employees because of their age.

28.     The College has knowingly and intentionally discriminated against Plaintiff, and other employees because of their age resulting in both disparate treatment and disparate impact.

29.     Plaintiff filed a charge of discrimination with the EEOC on March 3, 2025, EEOC Charge Number: 560-2025-01787.  See Exhibit 1, attached hereto.

30.     Plaintiff received a right to sue from the EEOC.  See Exhibit 2, attached hereto.

31.     Plaintiff will incur costs and attorney's fees in prosecuting this action against the Defendant.

## COUNT III– VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT – DISCRIMINATION

32.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Complaint.

33.     At all relevant times, Plaintiff was over 40 years of age and thus is protected under the ADEA, 29 U.S.C. § 631.

34.     Plaintiff was at all times relevant herein a member of a "Protected Group" of individuals under the ADEA within the meaning of 29 U.S.C. § 631(a).

35.     Defendant is an employer within the meaning of 29 U.S.C. § 630(b).

36.     29 U.S.C. § 623 states, in part:

(a) Employer Practices. It shall be unlawful for an employer -- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any

4

individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

37.     Defendants violated the ADEA by failing and refusing to hire and otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of his employment because of his age, including refusing to allow plaintiff to teach classes and replacing him with a younger worker.

38.     Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which he is entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under 29 U.S.C. § 216.

39.     Plaintiff is entitled to legal and equitable relief including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to him all seniority, pension and other benefits he would have had but for the unlawful discrimination is necessary and appropriate relief and will effectuate the purposes of the ADEA.

40.     Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

41.     Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

42.     Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

5

43.     The actions of Defendant were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

**WHEREFORE**, the Plaintiff Harold Berry prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant SCC has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, punitive damages and liquidated in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100

6

Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net
*ATTORNEYS FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served via the court's CM/ECF System to all parties of record:

<u>/s/ *Kevin J. Kasper*    </u>

7